IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY ALAN PERLE,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 15-638 |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 25th day of July, 2016, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for supplemental security income on May 5, 2013, alleging a disability onset date of January 15, 2005, due to, *inter alia*, a seizure disorder, psoriatic arthritis, a heart condition and several mental disorders. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on October 22, 2014, at which plaintiff, represented by counsel, appeared and testified. On October 29, 2014, the ALJ issued a decision finding that plaintiff is not disabled. On March 17, 2015, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 42 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). He has at least a high school education but has no past relevant work experience and has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although plaintiff has a plethora of physical and mental impairments[1] that satisfy the *de minimus* standard for severity at step 2 of the sequential evaluation process,[2] none of those impairments, alone or in combination, meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

---

[1] Specifically, the ALJ found that plaintiff has the following severe impairments: psoriatic arthritis, post-traumatic osteoarthritis, osteopenia, gastroesophageal reflux disease, psoriasis, bronchitis, asthma, chronic obstructive pulmonary disease, obstructive sleep apnea, obesity, bipolar disorder, major depressive disorder, paranoid personality disorder, post-traumatic stress disorder, anxiety disorder, and history of polysubstance use disorders. (R. 14).

[2] At step two, an impairment is "severe" if it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §416.920(c). The step two inquiry is a *de minimus* screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met. Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir. 2003).

The ALJ also found that plaintiff retains the residual functional capacity ("RFC") to engage in work at the light exertional level but with numerous restrictions necessary to accommodate the limitations arising from plaintiff's physical and mental impairments.[3] Taking into account these restrictions, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including office helper, mail clerk and stock marker. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

---

[3] Specifically, the ALJ found that plaintiff has the RFC to perform light work with the following restrictions: "he is limited to standing/walking for approximately 2 hours in an eight-hour workday and sitting for approximately 6 hours in an eight-hour workday; he cannot climb ladders, ropes, or scaffolds; he is limited to no more than *occasional* ramp and stair climbing, stooping, kneeling, crouching, and crawling; he must avoid concentrated exposure to respiratory irritants such as fumes, odors, dust and gases; he must avoid all exposure to workplace hazards such as unprotected machinery and unprotected heights; he must avoid concentrated exposure to extreme cold and extreme heat; he is restricted to occupations with Specific Vocational Preparation (SVP) codes no greater than 1 or 2; he is limited to simple, routine, repetitive tasks involving only simple work-related decisions with few, if any, work-place changes; and he is restricted to *occasional* interactions with the public and ... supervisors." (R. 18)(footnotes omitted).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[4] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; *see* Barnhart v. Thomas, 540 U.S. 20 (2003).

Here, plaintiff raises two challenges to the ALJ's findings: (1) the ALJ improperly analyzed and weighed the medical evidence; and, (2) the ALJ improperly evaluated plaintiff's credibility. Upon review, the court is satisfied that the ALJ correctly evaluated both the medical evidence and plaintiff's credibility and that his evaluation of all of the evidence is supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly analyzed the medical evidence. Specifically, he argues that the ALJ erroneously discounted the opinion of a treating physician, Dr. Anthony Elisco, who opined that plaintiff is unable to perform even a 4-hour workday. (R. 306). He avers that Dr. Elisco's opinion is supported by that of Dr. Ramesh Kaul, an examining physician, who indicated in a medical source statement that plaintiff can not work any hours per day. (R. 1334).

The rules by which the ALJ is to evaluate the medical evidence are well-established under the Social Security Regulations and the law of this circuit. Opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R.

---

[4] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.3d at 432; 20 C.F.R. §416.920a.

§416.927(c)(2); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(c).

Importantly, the opinion of any physician, including a treating physician, as to the claimant's residual functional capacity, or on the ultimate determination of disability, never is entitled to special significance. 20 C.F.R. §416.927(d); SSR 96-5p. "The law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011). Rather, "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); *see* 20 C.F.R. §§416.927(d)(2) and (3); 416.946(c).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. The ALJ's decision specifically addresses the opinion from Dr. Elisco that suggested that plaintiff cannot perform so much as a 4-hour workday and adequately explains why the ALJ "decline[d] to accept his medical source statement as persuasive or compelling." (R. 21-22). Specifically, the ALJ found that Dr. Elisco did not record any objective or clinical evidence to corroborate the extent of plaintiff's allegations as to the severity of his symptoms, but

nevertheless concluded that those allegations of symptoms precluded plaintiff from all work activities. (R. 22).

The court finds no error in the ALJ's rejection of Dr. Elisco's unsupported opinion. Initially, as already noted, it is for the ALJ alone to make the ultimate determination of disability, and the opinion of a treating physician that a claimant is disabled is not entitled to any special significance. Chandler, 667 F.3d at 361; 20 C.F.R. §416.927(d).

Moreover, as the ALJ pointed out, Dr. Elisco's medical source statement and treating records contain no objective or clinical evidence supporting his opinion that plaintiff cannot perform any full-time work activities. And although plaintiff cites Dr. Kaul's medical source statement as corroborative of Dr. Elisco's opinion, the court notes that Dr. Kaul's statement equally is devoid of any objective evidence supporting his opinion that plaintiff is precluded from performing any work.

Contrary to plaintiff's statement that there is "no contradictory medical evidence cited or found in the rejection of Dr. Elisco's" opinion, the ALJ expressly gave great weight to the opinion of the state agency physician, Dr. Kar, who found that although plaintiff's symptoms cause numerous restrictions in his ability to perform work activities, they do not preclude him from performing any work as found by Dr. Elisco.

It is well-settled that "[a]lthough treating and examining physician opinions often deserve more weight than the opinions of doctors who review records ... [s]tate agent opinions merit significant consideration as well." Chandler, 667 F.3d at 361. Pursuant to the Regulations, state agency medical consultants are considered to be "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §416.927(e)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider

%AO 72
(Rev. 8/82)

those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §416.927(e)(2)(ii); SSR 96-6p. Here, substantial evidence in the record supports the ALJ's conclusion that the opinion of the state agency physician is more consistent with the totality of the evidence than that of Dr. Elisco. Accordingly, the ALJ properly gave the state agency reviewer's opinion greater weight.

It is axiomatic in social security cases that the ALJ must give some indication of the evidence that she rejects and the reasons for discounting that evidence. Fargnoli, 247 F.3d at 43. Here, the ALJ reviewed and discussed all of the pertinent medical evidence and thoroughly explained his reasons for giving each relevant opinion the weight that he gave it. (R. 15-18; 20-22). The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's second argument is that the ALJ improperly evaluated plaintiff's subjective statements as to the severity of his symptoms and the limitations arising therefrom. However, the court is satisfied that the ALJ adhered to the appropriate standards in evaluating plaintiff's statements regarding his symptoms and limitations and more than adequately explained the reasons underlying his credibility determination.

As required under the regulations, the ALJ in this case properly considered plaintiff's subjective statements as to the intensity, persistence and limiting effects of his symptoms in light of the objective medical evidence, as well as all of the other factors relevant to plaintiff's symptoms as set forth in 20 C.F.R. §416.929(c). See also SSR 96-7p. The ALJ thoroughly explained, over the course of three pages in his decision, why plaintiff's statements concerning "the intensity, persistence and limiting effects of [his] symptoms are not entirely credible." (R. 19-21).

Specifically, the ALJ reviewed the objective medical evidence as to both plaintiff's physical and mental impairments and found the objective evidence to be unsupportive of plaintiff's allegations of disabling limitations. The ALJ noted that the clinical findings failed to correlate the intensity of plaintiff's alleged symptoms. Specifically, the ALJ succinctly summarized the evidence supporting his credibility determination in his decision:

> "With reference to his arthritic pain, he does not require an assistive ambulatory device to walk. He receives no chronic pain management. Throughout the relevant period, he has not sought any emergent or urgent medical attention relative to arthritic pain. Moreover, the medical records do not substantiate the alleged intensity of his mental symptoms. He receives no routine psychiatric, psychotherapy, or psychological services. Throughout the relevant period under consideration, there has been no inpatient psychiatric admission or clinical evidence of suicidal thoughts. He demonstrates no significant memory deficits."

(R. 21).

The court is satisfied that the ALJ properly considered plaintiff's allegations as to the severity of his symptoms in light of his activities of daily living and his questionable motivation to work, and, most importantly, in light of the objective medical evidence, which revealed the absence of clinical findings supporting plaintiff's allegations of totally debilitating symptoms. Based on all of the evidence, the ALJ reasonably found plaintiff's statements to be not entirely credible.

It also is important to emphasize that the ALJ did not reject plaintiff's testimony entirely. Rather, to the extent plaintiff's statements as to the limitations arising from his impairments are supported by the medical and other relevant evidence, the ALJ's residual functional capacity finding accommodated those limitations. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible.

AO 72
(Rev. 8/82)

- 8 -

The record demonstrates that the ALJ adhered to the appropriate standards in evaluating plaintiff's credibility and it is not this court's function to re-weigh the evidence and arrive at its own credibility determination. *See* Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir.2003)(ALJ's conclusions as to the credibility of a claimant's subjective complaints generally are entitled to great deference and should not be discarded lightly given the ALJ's opportunity to observe the claimant's demeanor). Rather, this court must only determine whether the ALJ's credibility determination is supported by substantial evidence and is satisfied here that it is.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Norman J. Barilla, Esq.
Barilla Shaw
111 West Sheridan Avenue
New Castle, PA 16105

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219